FILED

2021 Jul-19  PM 03:54
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **EDWIN JONES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No.** |
| | ) | |
| **CITY OF BIRMINGHAM,** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

## INTRODUCTION

1.      This is an action for legal and equitable relief to redress unlawful discrimination on the basis of race, retaliation, and hostile work environment against the Plaintiff, Edwin Jones (hereinafter "Plaintiff"), a current employee of the City of Birmingham.  This suit is brought to secure the protection of and to redress the deprivation of rights secured by the Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. 2000e, 42 U.S.C. § 1983, and the Age Discrimination Act of 1967, as amended. Plaintiff requests a trial by jury of all triable issues.

## JURISDICTION AND VENUE

2.     Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. 2000e, *et seq.,* 42 U.S.C. § 1983, and the Age Discrimination Act of 1967, as amended.

3.     Subject matter jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(a)(4) and 1343(a)(3), 42 U.S.C. § 1981, 42 U.S.C. § 1983 and 42 U.S.C. § 2000e, *et. seq*.

4.     This action is brought within the State  where the unlawful employment practices were  committed, making venue proper under 42 U.S.C. 2000e-5(f)(3).

5.     Plaintiff's  claims  are  authorized  by  28 U.S.C.  § § 2201  and  2202 (declaratory judgments), and Fed. R. Civ. P. Rule 57.

6.      Plaintiff has satisfied all administrative prerequisites to bringing this claim.

7.     Venue is proper in this Honorable Court.

## PARTIES

8. Plaintiff Edwin Jones ("Plaintiff") is a 55 year old African American male citizen of the United States and of the State of Alabama.  He is a resident of this Judicial District and Division.

9. Defendant City of Birmingham ("Defendant" or "City") is a local agency of the State of Alabama. At all times relevant hereto, the Defendant has

engaged in business in Birmingham, Alabama and has been an employer within the meaning of 42 U.S.C. § 2000e(a), Title VII of the 1964 Civil Rights Act and the 1991 amendments thereto.  At all times relevant to this action, the Defendant has maintained and operated a business in Alabama and has fifteen (15) or more employees and is considered an employer for Title VII purposes and the 1991 amendments thereto.

## ADMINISTRATIVE PROCEDURES

10.     Plaintiff brings this action for the unlawful employment practices and acts of intentional discrimination and retaliation, and the creation of a hostile work environment that occurred at the City of Birmingham.

11.     This action seeks to redress unlawful employment practices resulting from the acts of Defendant, its agents, servants, and employees committed with respect to Plaintiff's employment.

12.     Plaintiff timely filed his Charge of Discrimination (420-2021-01396) (*Exhibit A*) against Defendant with the Equal Employment Opportunity Commission (EEOC) on April 4, 2021, which was filed within 180 days of the commission of the unlawful employment practices alleged herein.

13.     On April 23, 2021, the U.S. Department of Justice, Civil Rights Division issued to Plaintiff a Notice of Right to Sue (*Exhibit B*) regarding his

EEOC Charges.

14.     Plaintiff filed suit within ninety (90) days of receipt of his Notice

of Right to Sue.

15.     All administrative prerequisites for filing suit have been

satisfied, and Plaintiff is entitled to bring this action.

## STATEMENT OF FACTS

16.     Plaintiff, Edwin Jones, is a 55 year old African American male.

17.     Plaintiff began employment with the Defendant, City of

Birmingham, on or around April 3, 2014 as a police officer.

18.     Plaintiff has been discriminated against because of his race and

retaliated against because of his prior EEOC filing.

19.     On July 30, 2015, Plaintiff filed an EEOC charge based on race

discrimination and retaliation (EEOC Charge # 420-2015-02163). Following the

EEOC investigation of this charge, Plaintiff filed a federal civil complaint

against Defendant for race discrimination and retaliation under Title VII. The

case ultimately settled before trial in or about July 29, 2019.

20.     Further, Defendant is subject to the terms of a Conciliation

Agreement resulting from the discrimination of another African American

police officer. The Conciliation Agreement is to be posted for two (2) years from

its inception on September 7, 2017 until September 7, 2019. The Conciliation

Agreement, to which Defendant represents its compliance, states in part that:

> "Federal law requires that there be no discrimination against any employee or applicant for employment because of the individual's . . . race, age . . . with respect to hire, demotion, discharge, harassment, job assignment, transfer, or any term, condition, or privilege of employment."

21.     On or about December 13, 2018, Plaintiff filed a second EEOC charge based on race discrimination and retaliation (EEOC Charge #420-2019-00782) alleging that Sergeant Rebecca Herrera (hereinafter "Herrera"), a Caucasian female, summoned Plaintiff to report to the Internal Affairs Division (hereinafter "IAD") for two separate disciplinary investigations within the same month. Plaintiff alleged that Herrera's close association with Lieutenant Julie Quigley-Vining (hereinafter "Quigley-Vining"), a Caucasian female, who was Plaintiff's former supervisor and the subject of Plaintiff's first discrimination and retaliation EEOC charge and lawsuit, was the basis for subjecting Plaintiff to disciplinary investigations. On or about August 29, 2019, Plaintiff filed a federal lawsuit based on his second EEOC charge and the case is still pending.

22.     Following the filing of Plaintiff's previous EEOC charges and lawsuits, Plaintiff has twice attempted to receive a promotion to the rank of Sergeant and has taken the proper exams, in which he did well. Plaintiff is highly qualified for the rank of Sergeant.

23.     The last time the Plaintiff took the Sergeant exam, it was

disclosed to Plaintiff that Herrera was a reviewer of the Plaintiff's promotion file.

24.     On January 30, 2021, Plaintiff was notified that he did not receive the Sergeant rank promotion. Plaintiff asserts that he scored higher on the promotion exam and possesses several more years of experience and education than other candidates that were promoted.

25.     Plaintiff asserts that because of his previous EEOC charges and lawsuits, including one lawsuit currently pending, he has been denied promotion to the rank of Sergeant by the Defendant. Plaintiff further asserts that because of Herrera's role in the promotional process, Plaintiff is being discriminated and retaliated against in his efforts to get promoted.

26.     Plaintiff asked the Birmingham Police Department's Human Resources about the promotion process and was not given any information regarding the process.

27.     The actions of the Defendant of interfering with his ability to get promoted has caused the Plaintiff financial loss. Defendant's interference caused Plaintiff emotional distress and a contracted quality of life.

28.     The Defendant has a habit and/or practice of allowing and condoning discrimination based on race and retaliation.

29.     Plaintiff has suffered embarrassment, humiliation, shame,

damage to reputation, mental distress, emotional distress, emotional and physical pain and anguish and lost wages as a consequence of Defendant's unlawful conduct.

## COUNT ONE
## PLAINTIFF'S CLAIMS OF RACE DISCRIMINATION
## IN VIOLATION OF TITLE VII
## AGAINST DEFENDANT

30.     Plaintiff hereby adopts and re-alleges paragraphs one (1) through twenty-nine (29) as if fully set forth herein.

31.     Plaintiff has been denied the opportunity to receive a promotion to the rank of Sergeant.

32.     The actions of the Defendant of interfering with his ability to get promoted has caused the Plaintiff financial loss. Defendant's interference caused Plaintiff emotional distress and a contracted quality of life.

33.     The Defendant has a habit and/or practice of allowing and condoning discrimination based on race and retaliation.

34.     Plaintiff has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional distress, emotional and physical pain and anguish and lost wages as a consequence of Defendant's unlawful conduct.

## COUNT TWO
## PLAINTIFF'S CLAIMS OF RETALIATION
## IN VIOLATION OF TITLE VII AGAINST DEFENDANT

35. Plaintiff has been subjected to two IAD investigations within a month's time: (1) for allegedly double dipping which was not substantiated and (2) regarding the investigation of a wreck on October 4, 2018. These investigations are retaliation for Plaintiff's previous EEOC complaint and federal lawsuit.

36. Both investigations have been with the same investigating officer, Sgt. Herrera, who is closely associated with individuals the Plaintiff has previously made complaints about, including Quigley-Vining who Plaintiff made complaints about racial discrimination and retaliation.

37. Plaintiff requested to have his investigation transferred to another investigator, however, Rockett, the IAD supervisor, would not transfer the investigation, despite his admitted knowledge about the relationship between Herrera and Quigley-Vining.

38. During the course of her investigation, Herrera withheld valuable information from Plaintiff about the October 4, 2018 wreck.

39. The actions of the Plaintiff's supervisors, co-workers and Internal Affairs personnel, namely Herrera and Rockett, of continually subjecting the Plaintiff to a hostile work environment, continually subjecting Plaintiff to meritless investigations, and interfering with his ability to be promoted to sergeant, which directly affects his pay, has caused the Plaintiff financial loss dating back to when he should have been promoted. Defendant's interference has caused

Plaintiff emotional distress and a contracted quality of life.

40. The Defendant has a habit and/or practice of allowing and condoning discrimination based on race discrimination against its employees.

41. Plaintiff has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional distress, emotional and physical pain and anguish and lost wages as a consequence of Defendant's unlawful conduct.

## COUNT THREE
## PLAINTIFF'S CLAIMS OF AGE DISCRIMINATION
## IN VIOLATION OF THE AGE DISCRIMINATION ACT OF 1967 AS AMENDED.

42. Plaintiff hereby adopts and re-alleges paragraphs one (1) through twenty-nine (29) as if fully set forth herein.

43. Plaintiff has been subjected to two IAD investigations within a month's time: (1) for allegedly double dipping which was not substantiated and (2) regarding the investigation of a wreck on October 4, 2018. These investigations are retaliation for Plaintiff's previous EEOC complaint and federal lawsuit.

44. Both investigations have been with the same investigating officer, Sgt. Herrera, who is closely associated with individuals the Plaintiff has previously made complaints about, including Quigley-Vining who Plaintiff made complaints about racial discrimination and retaliation.

45. Plaintiff requested to have his investigations transferred to another investigator, however, Rockett, the Internal Affairs supervisor, would not transfer the

investigation, despite his admitted knowledge about the relationship between Herrera and Quigley-Vining.

46. During the course of her investigation, Herrera withheld valuable information from Plaintiff about the October 4, 2018 wreck.

47. Deputy Chief Michael Richards openly forbade Plaintiff and his coworkers, (TAC) members, from contacting Human Resources, the Chief or the EEOC with complaints.

48. The actions of the Plaintiff's supervisors, co-workers and IAD personnel namely Herrera and Rockett continually subjecting Plaintiff to a hostile work environment, continually subjecting Plaintiff to meritless investigations and interfering with his ability to be promoted to sergeant, which directly affects his pay, has caused the Plaintiff financial loss dating back to when he should have been promoted. Defendant's interference caused Plaintiff emotional distress and a contracted quality of life.

49. The Defendant has a habit and/or practice of allowing and condoning discrimination based on age as typified in its Conciliation Agreement, September 8, 2017 and retaliating against its employees.

50. Plaintiff has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional distress, emotional and physical pain and anguish and lost wages as a consequence of Defendant's unlawful conduct.

## <u>GENERAL PRAYER FOR RELIEF</u>

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief after a trial by jury:

A.      Grant Plaintiff a declaratory judgment that the practices complained of herein are violative of the provisions of Title VII of the Civil Rights Act of 1964 and the amendments thereto, 42 U.S.C. 2000e, et seq., 42 U.S.C. § 1981, as amended by the Civil Rights Act of 1991 and 42 U.S.C. § 1983; and the Age Discrimination Act of 1967.

B.      Grant Plaintiff an order enjoining Defendant and all persons acting in concert with Defendant from engaging in discriminatory and retaliatory employment practices;

C.      Grant Plaintiff the appropriate amounts of backpay, interest, benefits, damages, pay raises with back pay, and reinstatement to the job position from which he was discriminatorily denied, or in the alternative, front pay;

D.      Grant Plaintiff an award of compensatory damages, including but not limited to an award for mental anguish and emotional distress;

E.      Award Plaintiff his costs and expenses, including an award of reasonable attorney's fees; and,

F.      Award such other relief as may be appropriate.

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL CLAIMS TRIABLE.**

> Respectfully Submitted,
> /s/ Scott T. Morro
> Scott T. Morro (ASB-4954-C30M)
> Attorney for Plaintiff
> Morro Law Center, LLC
> P.O. Box 1644
> Gardendale, AL 35071
> Telephone: (205)631-6301
> Fax: (205) 285-8542
> morrolawcenter@bellsouth.net

## CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all attorney(s) of record in this case:

Samantha A. Chandler
City of Birmingham
CITY ATTORNEY'S OFFICE
710 20th Street North
Birmingham, AL  35203
(205) 254-2369
Fredric.fullerton@birminghamal.gov
samantha.chandler@birminghamal.gov

> /s/ *Scott T. Morro*
> Scott T. Morro